IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALI PATTERSON,**

    **Petitioner,**

v.                                                      **Civil Action No. 1:18cv68**
                                                                                    **(Judge Kleeh)**

**F. ENTZEL, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On April 2, 2018, the *pro se* Petitioner, Ali Patterson ("Patterson") an inmate then-incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, seeking an immediate transfer to a Residential Re-Entry Center ("RRC"). ECF No. 1.

Along with his petition, Patterson filed an incomplete, unsigned Motion for Leave to Proceed *in forma pauperis*; a blank, unsigned copy of his Prisoner Trust Fund Account Report, and a Brief in Support of Emergency Motion Pursuant to 28 U.S.C. §§ 2241, 2243. ECF Nos. 2, 3, 4. That same day, the Clerk of Court sent Petitioner a Notice of Deficient Pleading, advising him that he had twenty-one (21) days in which to correct the deficiencies in his pleadings. ECF No. 6. On April 13, 2018, Petitioner refiled completed, signed copies of his Motion for Leave to Proceed *in forma* pauperis and his Prisoner Trust Fund Account Report. ECF Nos. 8, 9. By Order entered April 16, 2018, Petitioner's first Motion to Proceed as a Pauper was terminated and the second was granted, and Petitioner was directed to pay the $5.00 filing fee. ECF No.10. Petitioner paid the requisite fee on April 30, 2018. ECF No. 12. By Order entered May 30, 2018, Petitioner's

Brief in Support of Emergency Motion Pursuant to 28 U.S.C. §§ 2241, 2243 was construed as a memorandum in support of his § 2241 petition and re-docketed accordingly. ECF No. 13. The undersigned conducted a preliminary review the same day, determined that summary dismissal was not appropriate at that time, and entered a show cause order. ECF No. 14. On June 25, 2018, the Respondent moved for an extension of time. ECF No. 17. By Order entered the following day, Respondent's motion for an extension of time was granted. ECF No. 18. On July 6, 2018, Petitioner filed a response in opposition to the Respondent's motion for an extension of time. ECF No. 20. On July 10, 2018, Respondent filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment with a memorandum in support and exhibits. ECF No. 21. Because Petitioner was proceeding *pro se,* on July 11, 2018, a Roseboro[1] Notice was issued. On July 28, 2018, Petitioner filed his response in opposition. ECF No. 24.

On August 28, 2018 Petitioner filed a petition for writ of mandamus in the Fourth Circuit Court of Appeals, complaining of undue delay in these proceedings. ECF No. 26. By Order entered October 11, 2018, the Fourth Circuit Court of Appeals dismissed the mandamus action for failure to prosecute. ECF No. 27.

By Miscellaneous Case Order entered on December 1, 2018, this case was reassigned from United States District Judge Irene M. Keeley to United States District Judge Thomas S. Kleeh.

This matter is now pending before the undersigned for review, Report and Recommendation.

## II.  Facts[2]

---

[1] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

[2] The facts are taken from the Petitioner's criminal Case No. 4:06cr53-2 in the United States District Court for the Middle District of Pennsylvania, available on PACER. Unless otherwise noted, the ECF entries in this section

On July 9, 2007, in Case No. 4:06cr53-2 in the United States District Court for the Middle District of Pennsylvania, Petitioner waived prosecution by indictment and consented to proceeding by Information, and pled guilty to the Information. ECF Nos. 350, 351, 352. Petitioner entered his plea to Count One, Conspiracy to Distribute and Possession with Intent to Distribute Heroin in open court on July 19, 2007. ECF Nos. 383.

On September 19, 2008, Petitioner was sentenced to seven (7) years and eight (8) months incarceration, followed by three (3) years of supervised release, to be served consecutively to any sentence he was then already serving. ECF Nos. 612, 617. See also Declaration of James Ervin (hereinafter "Ervin Decl."), N.D. W.Va. Case No. 1:18cv68, ECF No. 21-2, ¶ 2 at 1; SENTRY computerized Public Information Inmate Data for inmate Ali Patterson, N.D. W.Va. Case No. 1:18cv68, ECF No. 21-3 at 2 – 4.

Petitioner did not file a direct appeal.

On November 14, 2014, Petitioner filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) in the sentencing court. ECF No. 735. The motion was denied on May 14, 2015. ECF No. 753.

On December 28, 2015, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, challenging the predicate convictions to his career offender sentence enhancement. ECF No. 779. The § 2255 proceedings were stayed on March 29, 2016, pending a decision in Welch v. United States, 578 U.S.__ , 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016). ECF No. 787. The stay was lifted

---

refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

on March 15, 2017. ECF No. 810.  On April 3, 2017, through counsel, Petitioner filed a motion to voluntarily dismiss his § 2255 motion.  ECF No. 811.  It appears from the docket that the motion was granted the same day.

On October 11, 2016, Petitioner was designated to FCI Hazelton.  <u>See</u> SENTRY computerized Inmate History for inmate Ali Patterson, N.D. W.Va. Case No. 1:18cv68, ECF No. 21-3 at 6.

In or about July 2017, Petitioner requested his release location be changed from his sentencing district of the Middle District of Pennsylvania to the District of New Jersey. <u>See</u> Ervin Decl., N.D. W.Va. Case No. 1:18cv68, ECF No. 21-2, ¶ 4 at 2. However, the U.S. Probation Office for the District of New Jersey denied the request after investigation revealed that the family member with whom Petitioner proposed to live with was not his sister, as he represented, but a sister-in-law with two prior felony convictions. <u>See</u> July 20, 2017 Letter from Shannan Pereira, U.S. Probation Officer, N.D. W.Va. Case No. 1:18cv68, ECF No. 21-3 at 8.

The U.S. Probation Office for the Middle District of Pennsylvania received Petitioner's pre-release plan in November 2017. <u>See</u> Ervin Decl., N.D. W.Va. Case No. 1:18cv68, ECF No. 21-2, ¶ 5 at 2. Because Petitioner was unable to provide an address for release, the Probation Office recommended that he be considered for placement at the Residential Re-Entry Center in the Middle District of Pennsylvania, to permit his reintegration into the community. <u>See</u> November 29, 2017 Letter from Afonso Fernandes, U.S. Probation Officer, Middle District of Pennsylvania, N.D. W.Va. Case No. 1:18cv68, ECF No. 21-3 at 10.

Petitioner's Unit Team reviewed the Probation Office's recommendation and recommended a 151-180 day RRC placement to provide Petitioner with enough time to find employment and

suitable housing. This recommendation was approved by the Warden on August 10, 2017. See August 10, 2017 Institutional Referral for RRC Placement for Ali Patterson, N.D. W.Va. Case No. 1:18cv68, ECF No. 21-3 at 12.

The BOP makes recommendation as to the appropriate length of RRC placement, but ultimately the RRC itself dictates the timing and length of stay, based on bed availability at the particular facility. See Ervin Decl., N.D. W.Va. Case No. 1:18cv68, ECF No. 21-2, ¶ 7 at 2. In Petitioner's case, the RRC in Petitioner's release district assigned Petitioner a report date of October 17, 2018, which will result in approximately four (4) months of RRC placement. See Ervin Decl., N.D. W.Va. Case No. 1:18cv68, ECF No. 21-2, ¶ 7 at 2; August 10, 2017 Institutional Referral for RRC Placement for Ali Patterson, N.D. W.Va. Case No. 1:18cv68, ECF No. 21-3 at 12.

### III. Analysis

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3rd Cir. 1996).

Patterson's petition seeks immediate release to a RRC, arguing that the Bureau of Prisons ("BOP") failed to consider all questions listed under 18 U.S.C. § 3621 in applying the Second Chance Act to extend the time applicable for his halfway house release date. ECF No. 1 at 5. As relief, he seeks a court order for the BOP to perform a full review pursuant to 18 U.S.C. § 3621 and an order directing the BOP to immediately release him to the halfway house, for which he asserts he has already been approved. Id. at 8.

A review of the BOP's online Inmate Locator that Petitioner has already been released to the RRC, presumably on or about October 17, 2018 as scheduled. Although the Petitioner has not notified the Court of a change of address, the BOP's website establishes that he is presently incarcerated at a RRC in Philadelphia, Pennsylvania, and he will be released from that custody on February 16, 2019.

Accordingly, because Petitioner has already been released to a RRC, he has already obtained the relief that he sought and this case is now moot.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the § 2241 petition [ECF No. 1] be **DISMISSED as moot**, and Respondent's pending Motion to Dismiss or in the Alternative, Motion for Summary Judgment [ECF No. 21] be **DISMISSED as moot**.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to all counsel of record via electronic means.

Further, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: December 17, 2018

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE